IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MARISSA R. DANENBERG-JONES,

                Plaintiff,

v.

WALMART INC.,

                Defendant.

Case No. 4:22-cv-00240-NKL

# ORDER

Plaintiff Marissa R. Danenberg-Jones moves to remand this proceeding to the state court from which it was removed by defendant Walmart Inc. For the reasons discussed below, the motion to remand is GRANTED.

## I. BACKGROUND

### A. Underlying Facts

Ms. Danenberg-Jones was attempting to place her eight-month old son into her car in a Walmart parking lot after shopping at Walmart when two men, Arthur Wyatt and John Simmons, III, attacked her in an attempt to rob her or to abduct her or her child. Ms. Danenberg managed to escape, screaming for help, towards the Walmart store, where she encountered a civilian, Joshua Owen, who, upon learning that she had been attacked and her child was in or near her car, attempted to assist her. Mr. Owen grabbed Mr. Simmons, and a struggle ensued. Mr. Simmons brandished a firearm and shot Mr. Owen three times. Yet another civilian carrying a concealed firearm shot Mr. Simmons before he could shoot Mr. Owen a fourth time. Mr. Owen survived; Mr. Simmons did not.

### B. Procedural History

Ms. Danenberg-Jones and Mr. Owen sued the alleged assailants, Mr. Wyatt and the Estate of John Simmons III (the "Estate"), in state court on August 25, 2017.

On August 8, 2018, the plaintiffs amended their petition, adding Walmart as a defendant. Walmart was served with process on September 4, 2018, more than a year after the lawsuit commenced. After requesting and receiving an extension, Walmart answered on October 24, 2018.

On December 7, 2018, the Estate of John Simmons III filed a Notice of Non-Defense, stating that the Estate would "not defend the interests of . . . the Estate of John Simmons III."

The original trial date of June 15, 2020 was changed twice because of the COVID-19 pandemic. The March 28, 2022 trial date also was changed on March 30, 2022 to June 21, 2022.

On March 17, 2022, eleven days before the then-scheduled trial date, Ms. Danenberg-Jones filed a dismissal, without prejudice, of Defendants Wyatt and the Estate, leaving only Walmart as a defendant.[1]

On March 21, 2022, Walmart filed a "Motion to Dismiss Due to Fraudulent Procurement of Venue" in state court. On March 24, 2022, the state court denied that motion, noting that the case had "proceeded toward trial for over four years under the jurisdiction of Jackson County, Missouri," and that, "after nearly five years, Plaintiff is prepared for her day in Court." Doc. 11-11, p. 4. The Court also noted that Walmart had had the "right to seek relief under the doctrine of *forum non conveniens* . . . throughout the entirety of this litigation," and simply chose not to do so. *Id.*

---

[1] Mr. Owen dismissed his claims against all the defendants on April 5, 2021. Thus, Ms. Danenberg-Jones is the only plaintiff remaining.

On April 12, 2022, Walmart removed the case to federal court, citing the bad faith exception to the requirement that cases be removed within one year of commencement. Ms. Danenberg-Jones moves to remand the case to state court.

### C. Citizenship for Diversity Purposes

Ms. Danenberg-Jones is a citizen of Kansas, as was Defendant Wyatt. The Estate is deemed a citizen of Missouri, of which state Mr. Simmons was a citizen prior to his death. Walmart is a citizen of Delaware, where it is incorporated, and Arkansas, where its principal place of business is located.

## II.  STANDARD

A defendant in a state court action may, under certain conditions, remove to federal district court a case over which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). A federal district court has diversity jurisdiction if (i) the amount in controversy exceeds $75,000, and (ii) the plaintiffs' state of citizenship is different from the state of citizenship of each of the defendants. *See* 28 U.S.C. § 1332(a). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). In addition, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

3

28 U.S.C. § 1446(c)(1). If a case is not removable on the basis of the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a . . . paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The party that removed the case bears the burden of establishing that the Court has subject matter jurisdiction. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015). The Court must remand a case over which it lacks subject matter jurisdiction. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Any doubt concerning whether the Court has jurisdiction "must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

### III. DISCUSSION

There is no dispute that, since dismissal of the two assailants on March 17, 2022, complete diversity exists, as Ms. Danenberg-Jones and Walmart are citizens of different states. However, ordinarily, removal of a case is not permitted where it has been pending for more than one year. 28 U.S.C. § 1446(c)(1). To avoid remand in the face of the one-year bar, Walmart must establish that "plaintiff has acted in bad faith in order to prevent [Walmart] from removing the action." *Id*.

"The Eighth Circuit has not yet set forth an interpretive standard for the 'bad faith' exception under section 1446." *Trokey v. Great Plains Roofing and Sheet Metal, Inc.*, 4:16-CV-01193-ODS, 2017 WL 722607, at *1 (W.D. Mo. Feb. 23, 2017). The Court therefore considers the varying approaches adopted by other federal courts. Some courts consider "whether the plaintiff engaged in intentional conduct to deny the defendant the chance to remove the case to federal court." *Hiser v. Seay*, No. 5:14-CV-170, 2014 WL 6885433, at *4 (W.D. Ky. Dec. 5, 2014). Other courts employ a two-part "active litigation" standard:

> First, the Court looks to whether the plaintiff actively litigated against the removal-spoiling defendant in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera. If the plaintiff did not actively litigate against the removal spoiler, then bad faith is established; if the plaintiff actively litigated against the removal spoiler, then good faith is rebuttably presumed. In the standard's second step, the defendant may attempt to rebut the good-faith presumption with direct evidence of the plaintiff's subjective bad faith.

*Id.* at 1263. The Court finds that, under either of these standards, Walmart has failed to establish bad faith.

Relevant to the intentional-conduct test for bad faith, Walmart argues that Ms. Danenberg-Jones' waiting for nearly a year to add Walmart as a defendant in the case and obtaining service on Walmart more than a year after the case was commenced signals bad faith because the one-year time period for removal had passed before Walmart had even received process. But Walmart does not suggest, and the Court cannot see, how adding Walmart a year into the case prejudiced Walmart. Even if Walmart had been a defendant at the outset of the case, it would not have been entitled to remove the case while the two assailants were defendants. *See Jackson v. Bayer Healthcare Pharms., Inc.*, No. 4:17-CV-01413-JAR, 2017 WL 2691413, at *5 (E.D. Mo. June 22, 2017) (finding that, where amendment did not alter removability of the case, it did not evidence bad faith on plaintiffs' part). Walmart has not suggested, and indeed could not reasonably suggest, that the two assailants were fraudulently joined. To the contrary, Plaintiff's suing the two men who attacked her in addition to Walmart appears entirely logical.

Indeed, if anything, the fact that Plaintiff added Walmart only later undermines Walmart's bad-faith argument. *See NKD Diversified Enterprises, Inc. v. First Mercury Ins. Co.*, No. 1:14-CV-00183-AWI, 2014 WL 1671659, at *4–5 (E.D. Cal. Apr. 28, 2014) (distinguishing cases in which diversity-destroying defendant was added after removal was threatened or effected, and finding no bad faith and remanding case "where Plaintiff originally named a defendant against

who they had a valid cause of action at the commencement of the action and dismissed the defendant after agreeing to a waiver of costs almost fifteen months after the action was commenced"), *report and recommendation adopted*, No. 1:14-CV-00183-AWI, 2014 WL 2619599 (E.D. Cal. June 6, 2014).

Second, Walmart complains that Plaintiff took no action upon the filing by the Estate of a Notice of Non-Defense. However, that notice was filed on December 7, 2018, well over a year after the action was commenced. Thus, even if the Plaintiff had dismissed the Estate upon the filing of the Notice of Non-Defense, it would have been too late for Walmart to remove the case to federal court. Thus, Plaintiff's decision to dismiss the Estate well after the Notice of Non-Defense was filed is not relevant to the Court's bad-faith inquiry.

Third, Walmart complains that Plaintiff's dismissing the Estate shortly before the scheduled trial date shows bad faith. Again, given that the one-year deadline for removal had passed years before, this argument is without merit. Multiple courts have held that even much less time between the expiration of the one-year deadline and dismissal of the diversity-destroying defendant counsels against a finding of bad faith. *See Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at **4–5 (W.D. Wash. July 27, 2016) ("While Frito Lay argues that dismissing Tally more than seven months past the expiration of the one-year limitation is indicative of bad faith, even a time period closer to the one-year mark, two or three months, has been deemed acceptable by other Ninth Circuit district courts."); *Hamilton San Diego Apartments, LP v. RBC Cap. Markets, LLC*, No. 14CV01856 WQH BLM, 2014 WL 7175598, at *5 (S.D. Cal. Dec. 11, 2014) ("The Court finds that WNC's dismissal more than two months after the one-year limitation for removal expired is not indicative of bad faith.").

Walmart's final argument is relevant to the active-litigation test: Walmart argues that Plaintiff did not actively litigate against the Estate. However, during the first year that this case was pending in state court, when the only defendants were the two assailants, the plaintiffs attempted to serve each defendant and participated in multiple case management conferences. Doc. 11-1; *cf. Escalante v. Burlington Nat. Indem., Ltd.*, No. 2:14-CV-7237-ODW, 2014 WL 6670002, at *4 (C.D. Cal. Nov. 24, 2014) (finding no bad faith where plaintiff attempted to serve removal-spoiling defendant).

Although the plaintiffs did not attempt to take discovery directly from the Estate, the plaintiffs acquired discovery sufficient to make their case against each of the assailants through other sources. Doc. 11-9 (prosecutor's file); *see Bristol v. Ford Motor Co.*, No. 4:16-CV-01649-JAR, 2016 WL 6277198, at *4 (E.D. Mo. Oct. 27, 2016) (finding no bad faith where plaintiff "provided plausible explanations for the absence of documented discovery on the state-court docket sheet," in that relevant discovery had been obtained through other lawsuits); *Williams v. 3M Co.*, No. 7:18-CV-63-KKC, 2018 WL 3084710, at *4–5 (E.D. Ky. June 22, 2018) (remanding case where, *inter alia*, plaintiff explained lack of discovery against removal-spoiling defendants by pointing to discovery obtained in an earlier action).

Walmart argues that the discovery Plaintiff accrued in the state court proceeding was all focused on Walmart's liability, not the liability of the individual defendants, but Walmart has not suggested that Plaintiff could not have presented a full case against the two alleged assailants with the discovery she had otherwise procured. Indeed, given that Mr. Simmons, whose estate Walmart cites as the "diversity-spoiling defendant," died immediately following the attack, it is not clear what discovery Plaintiff could reasonably have sought from the Estate that it did not ultimately acquire through the prosecutor's file.

7

Case 4:22-cv-00240-NKL    Document 17    Filed 06/06/22    Page 7 of 9

Moreover, the discovery deadline in state court had not yet passed when the Notice of Non-Defense was filed on December 7, 2018. *See, e.g.,* Doc. 11-3 (April 2019 scheduling order setting March 6, 2020 deadline for discovery). In other words, the pace of the state court schedule permitted plaintiffs additional time to seek discovery from the Estate when plaintiffs received notice of the non-defense. This fact too weighs against a finding of bad faith. *See Williams*, 2018 WL 3084710, at *4 (finding no bad faith where, *inter alia*, "[m]uch of the delay of this case is attributable to the discovery deadline— . . . which was well beyond the one-year removal deadline."); *Larue v. Volkswagen Grp. of Am., Inc.*, No. 1:17-CV-00001-GNS, 2017 WL 2312480, at *5 (W.D. Ky. May 26, 2017) (noting that the discovery period initially set in state court was "approximately twenty months" from commencement of the lawsuit, and stating, "[i]t seems wholly inappropriate to now blame the prolonged state court process on Plaintiffs and to characterize their actions as bad faith").

Plaintiff's efforts to secure discovery concerning the two assailants appear sufficient under the circumstances. *See Heacock*, 2016 WL 4009849, at *4 (rejecting argument that plaintiff's discovery was focused on corporate defendant's potential liability, not the other individual defendants, as a basis for finding bad faith because even "a bare minimum effort to litigate against [the diversity-destroying defendant] . . . is sufficient to qualify as 'active litigation'"). Walmart, which bears the burden of establishing the propriety of removal, has not presented evidence that the desire to remain in state court was the but-for cause of Plaintiff's actions. *See id.* (noting that while the plaintiff "may not have been motivated by a desire to collect damages from [the diversity-spoiling defendant], but instead in part by a desire to remain in state court . . . , the evidence presented by [the removing defendant] does not demonstrate that this desire was the but-for cause of [plaintiff's] actions").

In short, given that removal statutes are to be narrowly construed, on the record presented, the Court cannot find bad faith on the part of Plaintiff.  *Cf. Heller v. Am. States Ins. Co.*, No. CV159771DMGJPRX, 2016 WL 1170891, at *3 (C.D. Cal. Mar. 25, 2016) (finding the "high bar for a finding of bad faith" met where plaintiff not only served no discovery on diversity-destroying defendant, but also provided "inconsistent explanations as to why [the defendant] was not dismissed earlier in the proceedings," and indeed, had earlier stated that plaintiff was "holding off on serving [the defendant] and considering dismissing her").  As such, remand is required.

## IV.  CONCLUSION

For the reasons discussed above, Ms. Danenberg-Jones' motion to remand (Doc. 11) is GRANTED.  The proceeding is REMANDED to the 16th Circuit Court of Jackson County, Missouri, at Kansas City, Missouri.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  June 6, 2022
Jefferson City, Missouri